UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:12-cv-01317-JMS-TAB |
| | ) | |
| JUAN CHAVEZ-CASTILLO, INDIVIDUALLY AND | ) | |
| D/B/A EL PARRAL DANCING CLUB, and 1ST | ) | |
| J&M INCORPORATED, D/B/A EL PARRAL | ) | |
| DANCING CLUB, | ) | |
|     *Defendants*. | ) | |

## ORDER

Presently pending before the Court is Plaintiff J&J Sports Productions, Inc.'s ("J&J") Request to Enter Default against Defendants Juan Chavez-Castillo, individually and doing business as El Parral Dancing Club, and 1st J&M Incorporated, doing business as El Parral Dancing Club ("1st J&M"). [Dkt. 17.]

J&J's Request to Enter Default is the latest in a disturbing trend, whereby J&J seeks defaults against individual defendants who have not been properly served. Specifically, J&J often serves individual defendants by leaving a copy of the summons and complaint with a "person in charge" at the individual defendants' place of business. This is what J&J has done in this case, and it does not constitute proper service. [*See* dkt. 14, stating that Defendant Juan Chavez-Castillo was served by "substituted service" when the process server left copies of the summons and complaint with "Sergio Garcia – Person In Charge" at El Parral Dancing Club.]

Even more disturbing is the fact that J&J has sought default judgments against individual defendants that it has served by substitute service in several other cases, and that counsel for J&J has acknowledged in those cases – when questioned by the Court – that such substitute service is improper under Indiana law. *See, e.g.*, Dkts. 26-1 at 1-2 in *J&J Sports Productions, Inc. v. Mer-*

- 1 -

*cado*, 1:11-cv-01491-JMS-TAB (counsel for J&J Sports stated in a Declaration that substitute service was improper under Indiana law and that he "is embarrassed that this issue has arisen again"); 14-1 at 3 in *J&J Sports Productions, Inc. v. Turrubiartes*, 1:11-cv-01496-WTL-TAB (J&J acknowledged that its process server was under the mistaken assumption that "service could be effectuated by leaving process at Defendants' place of business on a person in charge" and that, when J&J further investigated service, it "learned that, in fact, the type of service utilized is not permitted in Indiana"); 14-1 at 3 in *J&J Sports Productions, Inc. v. Sanchez*, 1:11-cv-01494-WTL-TAB (J&J Sports again acknowledged that the substitute service it had effectuated did not meet the service requirements under Indiana law).

In the *Mercado* case, counsel for J&J implied that the substitute service error was limited to cases involving the November 14, 2009 *"Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program*, which were all filed around the same time and in which J&J utilized the same process server. [Dkt. 26-1 at 1-2 in 1:11-cv-01491.] This case, however, involves the September 18, 2010 *"200: Celebrate and Dominate": Shane Mosley v. Sergio Mora, Championship Fight Program*, not the *"Firepower"* Program at issue in the other cases. [Dkt. 1 at 4.] As is now evident, J&J's mistaken assumption that substitute service is proper under Indiana law, and its continued pattern of seeking default judgment based on such improper service, is a more widespread issue. J&J's counsel has stated in other cases in connection with this issue that J&J relied upon the process server's representation that service was valid, [dkt. 26-1 at 1 in 1:11-cv-01491], and that "the issues that have arisen in Indiana were not sufficiently impressed upon" his senior administrative assistant, [*id.* at 3.] However, J&J's counsel alone is responsible for ensuring that J&J's submissions to the Court are accurate and comply with the rules. This he has not done.

As the Court noted in its January 15, 2013 Order in this case, it is "concerned with J&J's counsel's pattern of disregarding court rules and procedures, thus forcing the Court to expend valuable judicial resources in order to give counsel's client opportunities to comply." [Dkt. 16 at 2.] Counsel for J&J was given fair warning that continued violations in this case, or in other cases involving J&J pending in this Court, may result in the Court requiring J&J to retain local counsel who resides in this district pursuant to Local Rule 83-6(c) in order for J&J's current counsel to continue representing it *pro hac vice*. After repeated chances, J&J's counsel has failed to show that he is able to comply with the rules of this Court and, therefore, the Court finds it necessary that he enlist local counsel to ensure future compliance and to minimize continued waste of the Court's resources.

Accordingly, for the foregoing reasons, the Court **DENIES** J&J's Request to Enter Default, [dkt. 17]. Additionally, the Court **ORDERS** that, should J&J wish to continue pursuing this case, it must retain local counsel residing in this district, pursuant to Local Rule 83-6(c) within 14 days. Should J&J choose to retain local counsel and pursue this case, it is also cautioned to make sure that service upon both Mr. Chavez-Castillo and 1st J&M has been properly effectuated before requesting entry of default.

03/01/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas P. Riley
LAW OFFICES OF THOMAS P. RILEY
tprlaw@att.net

**Distribution via U.S. Mail:**

Juan Chavez-Castillo
3830 Georgetown Road
Indianapolis, IN 46254

1st  J&M Incorporated
3830 Georgetown Road
Indianapolis, IN 46254